## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY MILLER, | ) |
| | ) |
| **Plaintiff,** | )     CIVL ACTION NO. _____ |
| | ) |
| v. | )     **COMPLAINT** |
| | ) |
| COMENITY CAPITAL BANK | ) |
|    and | )     **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. | ) |
|    and | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC | ) |
| | ) |
|    **Defendants.** | ) |

### PRELIMINARY STATEMENT

1.      This is an action brought by an individual consumer against Comenity Capital Bank ("Comenity"); Experian Information Solutions, Inc. ("Experian"); and Equifax Information Services LLC ("Equifax") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*; and Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1640(e), and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.      Plaintiff Troy Miller is an adult individual residing in Spring Grove, PA.

5.      Defendant Comenity is a business entity that regularly conducts business in the Middle District of Pennsylvania and which has a principal place of business located at 12921 South Vista Station Blvd., Draper, UT 84020.

6.      Defendant Experian is a consumer reporting agency that regularly conducts business in the Middle District of Pennsylvania and which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

7.      Defendant Equifax is a consumer reporting agency that regularly conducts business in the Middle District of Pennsylvania and which has a principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least January 2020 through present.

9.      The inaccurate information includes, but is not limited to an account with Comenity ("Fraud Account").

10.     At all times pertinent hereto, Plaintiff was not responsible for the Fraud Account reported by Comenity.

11.     Instead, the Fraud Account was opened as a result of identity theft and fraud.

12.     Plaintiff did not open or authorize the opening of the Fraud Account.

13.     Plaintiff did not use, did not authorize the use, and did not benefit from the use of the Fraud Account.

14.     Notwithstanding the above, Comenity has been falsely furnishing and/or reporting the information about the Fraud Account in connection with Plaintiff's credit history to credit

2

reporting agencies including but not limited to Equifax and Experian when they knew or should have known that the Fraud Account did not belong to Plaintiff.

15.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

16.     Equifax and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.  Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least January 2020 through the present.

17.     Plaintiff has disputed the inaccurate information with Equifax and Experian from January 2020 through the present.

18.     Plaintiff's disputes have contained "Identity Theft Reports" as that term is defined and used in the FCRA.

19.     Plaintiff has disputed the inaccurate information with Comenity from January 2020 through the present.

20.     Notwithstanding Plaintiff's efforts, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least January 2020 through the present.

21.     Despite Plaintiff's efforts, Equifax and Experian have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes;

(2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

22.     Despite Plaintiff's exhaustive efforts to date, Equifax and Experian nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, failed to block the Fraud Account from reporting on Plaintiff's credit reports, failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

23.     Notwithstanding Plaintiffs' disputes, Comenity has also failed to conduct timely and reasonable investigations of Plaintiffs' disputes after being contacted by the relevant credit reporting agencies, and Plaintiff directly, concerning Plaintiffs' disputes, and have willfully continued to report such inaccurate information to various credit reporting agencies.

24.     Despite being aware of the fact that the Fraud Account was opened due to identity theft and fraud, Comenity continued to attempt to collect the debt from Plaintiff.

25.     The charges made on the Fraud Account were "unauthorized use" as that term is used in 15 U.S.C. § 1643.

26.     Upon learning of the unauthorized use, Plaintiff notified Comenity that the charges on the Fraud Account were unauthorized.

27.     Despite knowing that debt associated with the Fraud Account was unauthorized, Comenity continued to hold Plaintiff liable for the debt, and seek to collect the debt from Plaintiff.

28.     Despite being notified that the debt associated with the Fraud Account was unauthorized, Comenity failed to investigate Plaintiff's dispute, and continued to hold Plaintiff liable for the debt.

29.     The Fraud Account is not an "accepted credit card[s]" as that term is used in 15 U.S.C. § 1643(a)(1)(A).

30.     Comenity was notified that the Fraud Account was not "accepted credit card[s];" however, Comenity continued to hold Plaintiff liable for the debt, and continued its attempt to collect the debt from Plaintiff.

31.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

32.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

33.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Equifax and Experian)

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     At all times pertinent hereto, Equifax and Experian were "person[s]" and "consumer reporting agenc[ies]" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

36.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

37.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

38.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-2; 1681e(b); and 1681i.

39.     The conduct of Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax and Experian are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. Comenity)

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.     At all times pertinent hereto Comenity was a "person" as that term defined by 15 U.S.C. § 1681a(b).

42.     At all times pertinent hereto Comenity was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

43.     Comenity violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

6

44.     Comenity's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that is outlined more fully above, and as a result these Comenity is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT THREE – VIOLATIONS OF THE TILA
### (Plaintiff v. Comenity)

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.     At all relevant times, Comenity was a "Card Issuer[s]" as that term is used in the TILA.

47.     In the ordinary course of business, Comenity regularly extends open-ended consumer credit in the form of consumer credit cards.

48.     The Fraud Account is an open-ended consumer credit accounts.

49.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1602(i).

50.     Pursuant to 15 U.S.C. § 1643, a consumer is not liable for unauthorized transactions on a card that is not an accepted card.

51.     The Fraud Account is a credit card that was not "accepted" as that term is used in the TILA.

52.     The Fraud Account was opened without Plaintiff's knowledge, authorization or consent, and was opened as a result of identity theft and fraud.

53.     The debt associated with the Fraud Account is the result of "unauthorized use" as that term is used in 15 U.S.C. § 1643.

54.     The debt associated with the Fraud Account is the result of use of the accounts by a person, other than Plaintiff, who did not have actual, implied, or apparent authority to use the Fraud Account.

55.     Plaintiff did not benefit from the use of the Fraud Account.

56.     Despite the fact that the debt associated with the Fraud Account was the result of an unaccepted credit card, and unauthorized use, Comenity continued to hold Plaintiff liable for the debt, and demand Plaintiff pay the debt.

57.     The conduct of Comenity was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Comenity is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT FOUR – VIOLATIONS OF THE TILA
### (Plaintiff v. Comenity)

58.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59.     Pursuant to 15 U.S.C. § 1666(a), and 12 C.F.R. § 1026.13(c), (f), Comenity is required to perform a reasonable investigation upon receipt of a billing error dispute.

60.     Notification that accounts were opened due to identity theft and fraud, and notification that charges on an account are the result of identity theft and fraud are "billing error disputes" as that term is used in the TILA.

61.     Comenity was properly and timely notified in writing that the Fraud Account and charges made on the accounts were the result of identity theft and fraud.

62.     Despite receiving that notification, Comenity failed to perform a reasonable investigation into Plaintiff's dispute.

63.     By failing to perform a reasonable investigation upon receipt of Plaintiff's dispute, Defendant violated 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(c), (f).

64.     The conduct of Comenity was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Comenity is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

65.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

FRANCIS MAILMAN SOUMILAS, PC

*/s/ Joseph L. Gentilcore*
JOSEPH L. GENTILCORE, ESQ.
1600 Market Street, Suite 2510
Philadelphia, PA 19103

T: 215-735-8600
F: 215-940-8000
E: jgentilcore@consumerlawfirm.com
*Attorneys for Plaintiff*